UNITED STATES

v.

**Master Sergeant Herbert E. PERGUSON,
FR 571–56–4245 United States
Air Force.**

**ACM 23376.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 27 Aug. 1981.

Decided 2 July 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Richard A. Morgan.

Appellate Counsel for the United States: Colonel James P. Porter, Lieutenant Colonel Bruce R. Houston, and Major Peter Reilly, USAFR.

Before HODGSON, POWELL, and MILLER, Appellate Military Judges.

DECISION

MILLER, Judge:

The accused was convicted of possessing lysergic acid diethylamide (LSD), methaqualone, marihuana and hashish, and transferring marihuana, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934. His approved sentence consists of a dishonorable discharge, confinement at hard labor for one year, and reduction to grade E–1.

Five errors assigned by appellate defense counsel relate to the military judge's denial of a motion to suppress evidence, after ruling an off-base search to be legal. A sixth, asserts that the identity of the informant, who provided probable cause for the search warrant utilized in that search, should have been revealed to the accused.

Finding that the accused failed in his burden to establish any personal expectation of privacy in the premises searched, we conclude that introduction of the fruits of this search at his trial did not violate his Fourth Amendment rights, regardless of the search's legality.

The allegedly illegal search was of an off-base apartment. While the accused set forth extensive evidence and argument attempting to demonstrate the illegality of the search, he introduced no evidence whatever that he had any expectation of privacy within that apartment. Despite a written brief that contained a bare allegation that the accused had "standing" to object to the search, the only reference it contained to interests in the apartment searched averred to the fact that a young lady owned and controlled it, not the accused.

The government responded that, if this latter statement were true, the accused was without standing to object to any search of the apartment.

Prior to this motion to suppress, the accused's defense counsel had implied (pursuant to an earlier motion regarding want of jurisdiction) that the accused lived in the apartment that was searched. The suppression motion brief, itself, however, contained no information regarding any personal ex-

pectation of privacy in that apartment other than a denial of the accused's ownership or control over it.

In a recent series of cases beginning with *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), the United States Supreme Court has substantially reduced the applicability of the exclusionary rule stemming from Fourth Amendment rights. In *Rakas*, the Court reaffirmed its earlier principles that: (1) "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted," *id.* at 134–135, 99 S.Ct. at 425, 58 L.Ed.2d at 394, and (2) "it is proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the rule's protections," *id.* at 135, 99 S.Ct. at 425, 58 L.Ed. at 395. Then, after analyzing, in light of these principles, the long-standing rule it had created in *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), under which criminal defendants charged with drug possession had become automatically entitled to exclude from their trials any evidence derived from illegal searches conducted upon any premises they happened to be legitimately upon at the time of the search, the Court overruled that portion of *Jones'*, substituting therefore, *ad hoc* determinations under the facts of particular cases, as to whether specific criminal defendants could legitimately have expected privacy in areas subject to such searches.

Two years after *Rakas*, in *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980) the Court eradicated the last vestige of *Jones'* automatic standing rules, with the following language:

> Today we hold that defendants charged with crimes of possession may only claim the benefits of the exclusionary rule if their *own* Fourth Amendment rights have in fact been violated. The automatic standing rule of *Jones v. United States, supra,* is therefore overruled. [Emphasis added.]

*United States v. Salvucci, supra,* at 85, 100 S.Ct. at 2549, 65 L.Ed.2d at 623–624.

The Court, after indicating it would no longer permit a defendant's possession of a seized good to substitute for actual factual findings that such a defendant legitimately expected privacy in the area from which such goods were seized, stated:

> As in *Rakas*, we again reject "blind adherence" to the other underlying assumption in *Jones* that possession of the seized good is an acceptable measure of Fourth Amendment interests. As in *Rakas*, we find that the *Jones* standard "creates too broad a gauge for measurement of Fourth Amendment rights" and that we must instead engage in a "conscientious effort to apply the Fourth Amendment" by asking not merely whether the defendant had a possessory interest in the items seized, but whether he had an expectation of privacy in the area searched. Thus neither prosecutorial "vice," nor the underlying assumption of *Jones* that possession of a seized good is the equivalent of Fourth Amendment "standing" to challenge the search can save the automatic standing rule.

*Id.* at 93–94, 100 S.Ct. at 2553, 65 L.Ed.2d at 629.

Significantly, following *Rakas* but prior to *Salvucci*, the Court set forth two discrete questions that normally must be answered positively before a defendant can claim a "justifiable," a "reasonable," or a "legitimate" expectation of privacy. In *Smith v. Maryland*, 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979), embracing the language of Mr. Justice Harlan's concurrence in *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) this two pronged test was identified as:

> The first [question] is whether the individual, by his conduct, has "exhibited an actual (subjective) expectation of privacy," 389 U.S., at 361 [88 S.Ct., at 516],— whether, in the words of the *Katz* majority, the individual has shown that "he seeks to preserve [something] as private." *Id.*, at 351 [88 S.Ct., at 511]. The second question is whether the individual's subjective expectation of privacy is "one that society is prepared to recognize as 'reasonable,'" *id.* at 361, [88 S.Ct., at 516],—

whether, in the words of the *Katz* majority, the individual's expectation, viewed objectively, is "justifiable" under the circumstances. *Id.*, at 353 [88 S.Ct. at 512]. [Footnote omitted.]

*Smith v. Maryland, supra*, 442 U.S. at 741, 99 S.Ct. at 2580, 61 L.Ed.2d at 226–227.

The Supreme Court has placed the burden of establishing a claim of "justifiable" or "legitimate expectation of privacy" pursuant to this two-pronged test directly upon the party asserting the claim; to wit: the defendant. Quoting from its opinion in *Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980):

> Petitioner, of course, bears the burden of proving not only that the search of Cox's purse was illegal, but also that he had a legitimate expectation of privacy in that purse. *See Rakas v. Illinois, supra* [439 U.S.], at 131, n.1, [99 S.Ct. at 423 n.1]; *Simmons v. United States*, 390 U.S. 377, 389–390 [88 S.Ct. 967, 973–974, 19 L.Ed.2d 1247] (1968).

*Id.* at 105–106, 100 S.Ct. at 2561, 65 L.Ed.2d at 641.

On the other hand, the Military Rules of Evidence (Mil.R.Evid.) prescribed by the President on 12 March 1980, (just subsequent to the Supreme Court's ruling in *Smith v. Maryland, supra*, and just prior to its decisions in *Salvucci* and *Rawlings*, also both *supra*), appear to have envisioned a far broader application of the exclusionary rule to unlawful search cases within the military. Under the title, Evidence Obtained from Unlawful Searches and Seizures, they provide:

> (a) *General rule.* Evidence obtained as a result of an unlawful search or seizure made by a person acting in a governmental capacity is inadmissible against the accused if:
>
> (1) *Objection.* The accused makes a timely motion to suppress or an objection to the evidence under this title; and
>
> (2) *Adequate Interest.* The accused had a reasonable expectation of privacy in the person, place or property searched; the accused had a legitimate interest in the property or evidence seized when

challenging a seizure; or the accused would otherwise have grounds to object to the search or seizure under the Constitution of the United States as applied to members of the armed forces.

\*     \*     \*     \*     \*     \*

> (e) *Burden of Proof.*
>
> (1) *In general.* When an appropriate motion has been made by the defense under subdivision (d), [including motions to suppress] the prosecution has the burden of proving by a preponderance of the evidence that evidence was not obtained as a result of an unlawful search or seizure.

Mil.R.Evid. 311.

Mil.R.Evid. 311 does not specify which party has the burden of establishing the adequate interest of an accused necessary to render evidence proffered by the government inadmissible.

In *United States v. Miller*, 13 M.J. 75 (C.M.A.1982), dealing with an issue requiring a ruling on the apparent conflict between the recent line of Supreme Court rulings and the new Military Rules of Evidence, the Court of Military Appeals ruled squarely contrary to the plain meaning of the language contained in Mil.R.Evid. 311(e)(1). It incorporated the following Supreme Court rule, into its rules "for challenging the legality of searches:"

> The person seeking to suppress the evidence produced by the search bears the burden of proving not only that the search was illegal, but also that he had a legitimate expectation of privacy in the area being searched. [Citations omitted.]

*Id.* at 77.

By clear implication, this holding also modified Mil.R.Evid. 311(a)(2), so as to conform with these recent Supreme Court decisions, by limiting its definition of "adequate interest" to the first of the three alternative bases originally set forth therein.

Interestingly, the Court of Military Appeals apparently considered any effect that the seemingly contradictory language contained in Mil.R.Evid. 311 had on its new evidentiary rule as negligible, because, in

**958**

addition to citing the Supreme Court cases quoted, *supra*, herein, as support for its new proposition, it also cited Rule 311.

Applying the law we have discussed to the facts of this case, we find that the accused completely failed to establish any actual (subjective) expectation of privacy in the searched apartment. Consequently, whether or not the military judge's finding as to the legality of the search was correct, the accused's motion to suppress the fruits of this search was properly denied.

Our review of the record of trial and the remaining assignment of errors reveals that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the accused was committed. Accordingly, the findings and the sentence are

AFFIRMED.

HODGSON, Chief Judge, concurs.

POWELL, Senior Judge, dissenting:

I dissent. The majority holding in this case appears to me to turn on the defense's failure to establish a "required" reasonable (subjective) expectation of privacy in the premises searched. The responsibility to discharge this burden of proof thus involves a procedural question. I am unable to conclude from *United States v. Miller*, 13 M.J. 75 (C.M.A.1982); *United States v. Sanford*, 12 M.J. 170 (C.M.A.1981); and *United States v. Cordero*, 11 M.J. 210 (C.M.A.1981); and Mil.R.Evid. 311, that the parties to this trial held 24–27 August 1981 were on notice that this burden was to be discharged by the defense. As was done in *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980), I would order a rehearing to afford the accused an opportunity to fully show what, if any, expectation of privacy he maintained in the premises searched.