### UNITED STATES

v.

**John C. PHILLIPS, 012–62–0170 Aviation Electronics Technician Airman (E–3), U.S. Navy.**

**NMCM 91 00110.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 14 April 1990.

Decided 30 Sept. 1993.

LT D.P. Sheldon, JAGC, USNR, Appellate Defense Counsel.

Maj. Laura L. Scudder, USMC, Appellate Government Counsel.

Before LARSON, WELCH and McLAUGHLIN, JJ.

WELCH, Judge:

We have examined the record of trial, the assignments of error,[1] and the Government's response thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Our evaluation of the assignments of error follows.

## I. THE SEARCH WARRANT AND SEARCH OF THE APARTMENT

■ On 8 January 1990, a Maryland Circuit Court judge signed a warrant authorizing the search that disclosed evidence supporting applicant's conviction. The appellant contends that the evidence was the fruit of a search of a residence not based on probable cause and that the military judge erred when he denied the appellant's motion to suppress evidence. We disagree with this assertion.

The judge's decision to issue the warrant was based on his evaluation of Appellate Exhibit IX, which contained a five page single-spaced affidavit by a detective assigned to the Maryland Narcotics' Task Force (with three pages of diagrams attached depicting the situs of the proposed search). We have carefully reviewed the affidavit and noted the number of informants mentioned in the affidavit plus the actions taken by law enforcement officers to corroborate information provided by the informants. Based on the "totality of the

---

1. I. THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT WHEN HE DENIED THE MOTION TO SUPPRESS ALL EVIDENCE SEIZED BY LAW ENFORCEMENT OFFICERS IN APPELLANT'S CASE.

II. THE LOCATIONS SEARCHED BY THE POLICE EXCEEDED THE PERMISSIBLE SCOPE OF THE SEARCH.

III. THE CONVENING AUTHORITY ERRONEOUSLY STATED IN HIS ACTION THAT APPELLANT POSSESSED 1.1 POUNDS OF COCAINE, VICE 1.1 GRAMS OF COCAINE.

circumstances" standard, we find that the judge authorizing the search had a substantial basis in fact for concluding that probable cause to search existed. *United States v. Lopez*, 35 M.J. 35, 38 (C.M.A. 1992). We also find that the interlocking details provided by the informants "substantially reduced the likelihood that each informer was simply purveying unreliable gossip." *United States v. Barton*, 11 M.J. 230, 233 (C.M.A.1981).

■ Additionally, we agree with the military judge's finding that even if there was no probable cause to authorize issuance of the warrant, the evidence was admissible under the "good faith exception" stated in Mil.R.Evid. 311(b).

## II. *THE SEARCH OF THE CAR OUTSIDE THE APARTMENT*

When the Maryland law enforcement personnel searched the apartment identified in the search warrant, they found crack cocaine in the refrigerator freezer, and the keys to an Avis Toyota rental car on a ledge over the kitchen sink. Record at 541. They used the keys to enter the rental car, which was parked in the parking lot directly in front of the apartment. The car contained cocaine and items used to manufacture and distribute cocaine, plus a rental agreement showing that AT2 Terrell A. Jolivette, USN, had rented the car. Record at 529–530.

The appellant contends that the search of the car exceeded the permissible scope of the search warrant, and that the military judge erred by admitting as evidence the items taken from the car. He points to the fact that the search warrant stated that there was probable cause to believe that certain property subject to seizure was located in or upon the "vehicle/premises/person described as #405 Liberty Street ..." and that the warrant granted authority to search "the named vehicle/premises/person described herein"—but that neither the affidavit nor the authorization to search described any particular vehicle to be searched.

More specifically, the appellant's position is that the items were not admissible under the good-faith exception of Mil.R.Evid. 311(b) because *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) does not cover good faith mistakes by a police officer in interpreting the scope of his authority under a search warrant (i.e., that the mistake must be attributed to some neutral party, not a police officer who must still be deterred by the exclusionary rule).

■ The military judge made findings relating to certain unique circumstances concerning the appellant's relationship to the apartment and rental car. First, after referring to items mentioned in the affidavit and the evidence of certain papers being found during the search, he found that the appellant had "the expectation of privacy which would be incumbent upon a person who is a resident of 405 Liberty Street." Record at 194. Secondly, after finding that the car was initially rented for the appellant to complete a trip to New Jersey, he noted that the appellant had a reasonable expectation of privacy in the vehicle

> as it was his vehicle. However, I find that he gave up that right of expectation of privacy when he turned that vehicle over to, as he described it, the motor pool from 405 Liberty Street. And from that point forward did not have standing to entitle him to a reasonable expectation of privacy as to a motor pool vehicle.

Record at 194.

We need not confront the specific issues raised by the appellant's second assignment of error because we cannot conclude with certainty that the military judge erred when he found, essentially, that the appellant had no reasonable expectation of privacy in the car when it was searched. The judge's findings were more than adequately supported by evidence in the record establishing that the appellant requested AT2 Jolivette to rent a car for him because he did not have a driver's license, that appellant did not own the car, that appellant drove the car occasionally and then left it at 405 Liberty Street for use by other occupants "[k]ind of like a motor pool,"

that the keys to the car were found in the kitchen of 405 Liberty Street, that the rental agreement was between Avis and AT2 Jolivette, that AT2 Jolivette paid for the rental of the car by use of his credit car, and that appellant was not in the car at the time of the search.

■■■ The appellant had the burden of proving that he had standing to challenge the search of the car, i.e., that he had a legitimate expectation of privacy in the car. *See United States v. Miller*, 13 M.J. 75 (C.M.A.1982); *United States v. Perguson*, 13 M.J. 955 (A.F.C.M.R.1982); Mil.R.Evid. 311(a)(2). He has simply not carried that burden. *See also: United States v. Duprey*, 895 F.2d 303 (7th Cir.1989), *cert. denied* 495 U.S. 906, 110 S.Ct. 1927, 109 L.Ed.2d 291 (1990); *United States v. Blanco*, 844 F.2d 344 (6th Cir.1988), *cert. denied* 486 U.S. 1046, 108 S.Ct. 2042, 100 L.Ed.2d 626 (1988) (two cases finding a lack of standing to object to a search of a car when the accused surrendered the car keys and control of the car to other individuals). Additionally, we add that the appellant had no standing solely by virtue of his role as a co-conspirator in an agreement to manufacture and distribute crack cocaine. *United States v. Padilla,* — U.S. —, 113 S.Ct. 1936, 123 L.Ed.2d 635 (1993).

## III. *THE AMOUNT OF COCAINE POSSESSED*

The additional assignment of error is without merit because evidence in the record indicates that appellant and AT2 Jolivette purchased one-half "key" of cocaine when they went to New York City on or about 5 January 1990. Record at 339. That means about 1.1 pounds of cocaine. Record at 588.

Accordingly, the finding and sentence, as approved on review below, are affirmed.

Chief Judge LARSON and Judge McLAUGHLIN concur.